# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1620V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DANIELE STRAWMYRE BUTLER, *on behalf of her minor child*, C.B., | * * * * * * | Special Master Corcoran |
| | * | Filed:  June 16, 2017 |
| Petitioner, | * * | |
| v. | * * | Petitioner's Motion for a Decision Dismissing the Petition; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Entitlement; Denial without Hearing. |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Colleen C. Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICENT PROOF[1]

On December 7, 2016, Daniele Strawmyre Butler filed a petition on behalf of her minor child, C.B., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The petition alleges that the Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccination that C.B. received on December 9, 2013, caused him to suffer a severe adverse reaction, including infantile spasms (or West Syndrome) and developmental delay.

---

[1] Although it has not been formally designated for publication, this decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decisions inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

After some medical records relevant to Petitioner's case were filed (*see* ECF Nos. 7-8), Respondent filed his Rule 4(c) Report and represented that he did not think this claim was appropriate for compensation. ECF No. 12. I held a status conference thereafter and expressed my concerns about the claim's viability, based on Respondent's Rule 4(c) Report as well as my preliminary consideration of the medical records. *See* Scheduling Order, dated April 28, 2017 (ECF No. 13). I noted that the records did not appear to support a finding that C.B.'s alleged reaction occurred any sooner than four to five weeks following vaccination, and informed Petitioner of the other Vaccine Program decisions that persuasively rejected her proposed causation theory. *Id.* In light of these concerns, I urged Petitioner to consider whether she would still like to go forward with her claim and obtain an expert report, or whether she would move for a dismissal. *Id.*

After several extensions of time, Petitioner filed a Motion for a Decision Dismissing the Petition on June 14, 2017. ECF No. 16. In it, Petitioner stated that she recognized she would likely be unable to meet her burden of proof and establish entitlement to compensation, and that to proceed further would waste the Vaccine Program's resources. ECF No. 16 at 1-2. She also noted her intent to protect her rights to file a civil action in the future. *Id.* at 2.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that C.B. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that C.B.'s alleged injury could have been caused or significantly aggravated by the DTaP vaccination that he received on December 9, 2013. The filed medical records also do not support Petitioner's claim.

Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master