# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1620V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DANIELE STRAWMYRE BUTLER, | * | Special Master Corcoran |
| *on behalf of her minor child*, C.B., | * | |
| | * | |
| Petitioner, | * | Filed: August 3, 2017 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs. |
| | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Colleen C. Hartley*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS [1]

On December 7, 2016, Daniele Strawmyre Butler filed a petition on behalf of her minor child, C.B., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The petition alleges that the Diphtheria-Tetanus-acellular Pertussis vaccination that C.B. received on December 9, 2013, caused him to suffer a severe adverse reaction, including infantile spasms (or West Syndrome) and developmental delay.

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Petitioner had filed some relevant medical records to her case, completing the process by the end of December, Respondent filed his Rule 4(c) Report indicating that he did not deem this claim appropriate for compensation. ECF No. 12. I thereafter expressed my own concerns about the claim's viability in April, based on my initial view that the records did not appear to support Petitioner's claim, and also brought to Petitioner's attention previous Vaccine Program decisions that rejected her exact causation theory. After two extensions of time, Petitioner filed a Motion for a Decision Dismissing the Petition on June 14, 2017 (ECF No. 16), which I granted on June 16, 2017. ECF No. 17. The claim thus existed for approximately six months.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated July 25, 2017. *See* ECF No. 22 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $14,865.79 (representing $13,688.50 in attorney's fees, plus $1,177.29 in costs). *Id.* at 1; Ex. A to Fees App. at 17, 19. Respondent filed a document reacting to the fees request on July 25, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 23.

## ANALYSIS

### I.    This Case Has Sufficient Reasonable Basis for Only a Modest Fees Award

I have in prior decisions set forth at length the relevant legal standards governing attorney's fees awards in unsuccessful cases, and in particular the criteria to be applied when determining if a claim possessed "reasonable basis."[3] *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906 at 4-5 (Fed. Cl. Spec. Mstr. May 26, 2016) *aff'd*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner must demonstrate reasonable basis through some evidentiary showing and in light of the totality of the circumstances. The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

---

[3]Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

2

Though counsel noted in the petition that he filed this claim due to a looming expiration of the statute of limitations, the billing records actually reveal that he received the claim four months prior to filing it. Ex. A to Fees App. at 1. While counsel (Mr. Andrew Downing and Ms. Courtney Van Cott) had not obtained all of the relevant medical records at the time of filing, the billing records demonstrate that in fact some records had been obtained and reviewed, with records gathering completed by the end of December 2016 – the month the case was filed. *See generally id.* at 1-4. Overall, counsel billed 88.70 hours to the matter, with 58.2 hours billed by the time of the case's filing. Ex. A to Fees App. at 17. Thus, Petitioner's counsel had sufficient time to research the claim and also review the potential problems revealed in the medical records, even before the case's filing.

Those same records laid bare deficiencies in the claim. For instance, Petitioner's medical records show that C.B.'s alleged reaction did not occur until four or five weeks following vaccination (at the earliest) – a significantly long time period from which to infer causation. And similar claims alleging that the DTaP vaccine can cause infantile spasms and/or epileptic encephalopathy (West Syndrome) have been rejected in the Program. *See, e.g., Taylor v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 807 (2013); *Grace v. Sec'y of Health & Human Servs.*, 2006 WL 3499511 (Fed. Cl. Spec. Mstr. Nov. 30, 2006). Accordingly, the problems with this claim (and the fact that it likely lacked reasonable basis) could have been evaluated far sooner.

The record also reveals some dilatory conduct in Petitioner's determination to abandon the claim. Once I raised my concerns about the strength of the case to Petitioner's counsel, counsel still required two extensions of time in order to decide how to proceed. *See* ECF No. 14-15. I have previously ruled that attorneys with facially weak claims must act expeditiously to evaluate a claim's strength, and are properly tasked with making such determinations on their own. *Curran v. Sec'y of Health & Human Servs.*, No. 15-804V, 2016 WL 4272069 (Fed. Cl. Spec. Mstr. June 22, 2016), *aff'd in part and remanded on other grounds,* 130 Fed. Cl. 1, 11 (Jan. 3, 2017). Counsel had sufficient time before filing, and then during the immediately-following months, to recognize this claim's probable lack of success, and I am not persuaded that this case required such an extended amount of time in order to be resolved.[4]

Based on my review of the case history, coupled with the evidence of counsel's course of representation of Petitioner as set forth in the billing records, I conclude that this matter's

---

[4] I do acknowledge that counsel may have required some time to discuss with his client my take of her claim and to allow her time to process those views in deciding how to proceed. However, counsel is well-versed with the Vaccine Program, and also with my views (shared by other special masters) about the need to fully investigate claims before bringing them – and to complete that investigation promptly, even if a claim must be filed to evade a looming limitations cut-off. Accordingly, it behooved counsel (whose compensation is a product of my discretion as to the reasonableness of his actions) to not spend an additional six weeks to act on a case he should have determined was not viable months earlier.

reasonable basis weaknesses should have been evaluated much sooner. I am also troubled by the amount of time it took Mr. Downing to evaluate this case given his experience in Vaccine Program matters. This is not the first case I have been asked to award fees in a case in which Mr. Downing filed a matter close to the limitations cut-off, but then did not act expeditiously thereafter in evaluating the claim's strengths. *See, e.g., Curran*, 2016 WL 4272069; *Allicock*, 2016 WL 3571906. He has been warned in the past about the dangers of so acting. Moreover, the billing records reveal that counsel in fact *did* have several months' time prior to the claim's filing to consider its viability. At a minimum, that evaluation could have been completed by the end of January, obviating the need for 17.9 hours of additional attorney time.

The amount of time spent on this case does not warrant full reimbursement. I find that reasonable basis for this claim ended at the end of January 2017, and I will not award any hours of work performed following that date (with the exception of events clearly revealed in the billing records as associated with winding down the case and preparing it for dismissal). *See Curran v. Sec'y of Health & Human Servs.*, No. 15-804V, 2017 WL 1718791, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 24, 2017) (awarding modest fees associated with winding down the case). This results in a reduction of 6.6 hours' work. I will also reduce the remaining 82.1 hours (representing pre-January 31st work and wind-down work) by 30 percent, in order to achieve the "rough justice" that I am empowered to effect when making fees awards in the Program.[5] I will therefore compensate in total only 57.47 hours of work (82.1 hours x .70 = 57.47 hours awarded).

## II.    Specific Amounts Awarded to Petitioners' Attorneys

Petitioner requests $350 per hour for Mr. Downing's work performed in 2016, with an increase to $375 per hour in 2017; $195 per hour for Ms. Van Cott's work performed in 2017; and $100 per hour for two paralegals' work performed in 2016, with an increase to $135 per hour in 2017. Ex. A to Fees App. at 19-20. The hourly rates requested herein are reasonable and have been previously awarded (*see, e.g., Brannigan v. Sec'y of Health & Human Servs.*, No. 14-675V, 2017 WL 2644696, at *4 (Fed. Cl. Spec. Mstr. May 26, 2017)), and thus will also be awarded here. Taking into account the above reductions, I will award attorney's fees in the total amount of $8,756.65. Finally, I find that the amount of costs requested ($1,177.29) is reasonable and will be awarded in full.

---

[5] My reduction in hours also takes into account inefficiencies evident from the record that are separate from counsel's failure to promptly and expeditiously evaluate the claim. For example, counsel billed 21.3 hours to prepare a short witness statement based on Petitioner's recollection of events. This is far too much time to be devoted to a claimant statement, when review of the medical records would reveal deficiencies in the claim. *See generally* Ex. A to Fees App. at 3-6.

**CONCLUSION**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding **$9,933.94** in fees and costs ($6,826.75 in attorney's fees + $1,929.90 in wind-down fees + $1,177.29 in costs) made payable jointly to Petitioner's counsel Andrew Downing, Esq. and Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.